JUDGE JONES

BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

'08 CIV 3569

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| ASIAN FRIENDSHIP SHIPPING LTD.,<br><br>                            Plaintiff,<br><br>              v.<br><br>KOREA LINE CORPORATION,<br><br>                            Defendant. | 08 Civ.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, ASIAN FRIENDSHIP SHIPPING LTD. ("AFS"), as Owner of the M/V ASIAN FRIENDSHIP, by its attorneys Blank Rome LLP, complaining of the above-named Defendant KOREA LINE CORPORATION ("KLC"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction. This action is also brought pursuant to 9 U.S.C. § 8 in aid of London arbitration.

2. At all material times, AFS was and now is a foreign company organized and existing under the laws of The Marshall Islands and the owner of the Motor Vessel ASIAN FRIENDSHIP.

3. At all material times, defendant KLC was and now is a corporation organized and existing under the laws of Korea.

## THE BASIC FACTS

4. AFS, pursuant to a charter party dated November 10, 2006 (the "Charter") chartered its vessel, the M/V ASIAN FRIENDSHIP (the "Vessel") to KLC.

5. KLC failed to redeliver the Vessel on or about March 2, 2008 as required by the Charter and continued to use the Vessel until on or about March 26, 2008 in breach of the relevant terms of the Charter.

6. Pursuant to a final hire statement ("FHS") dated March 27, 2007 AFS has claimed damages arising from the aforesaid breach. A true copy is attached as Exhibit 1 to the accompanying Rule B affidavit.

7. AFS has also invoiced, as shown in the FHS, for sums owing in respect of bunkers (marine fuel oil) on redelivery of the Vessel.

8. Despite repeated request KLC has refused to pay the sums that it owes.

9. The Charter is subject to English law and London arbitration. This action is expressly filed without prejudice to that right of arbitration.

## COUNT I

## RULE B RELIEF

10. Plaintiff repeats paragraphs 1 through 9 as if fully set forth herein.

11. Plaintiff seeks issuance of process of maritime attachment so that it may obtain security for its claims including its English attorneys' fees and arbitrators' fees which are routinely awarded in London arbitration and no security for Plaintiff's claim has been posted by KLC or anyone acting on its behalf to date.

12. At best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | On the principal claim | $4,916,319 |
| B. | Interest over the course of 3 years at prime rate average of 8% per annum: | $1,179,916 |
| C. | Estimated Recoverable English Lawyers and Arbitrators' Fees & "Costs" | $ 450,000 |
| | **TOTAL:** | $6,546,606 |

13. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against KLC, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since KLC cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of KLC's tangible or intangible property or any other funds held by any garnishee, which are due and owing to

KLC up to the amount of $6,546,606 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.   That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

D.   That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       April 14, 2008

                                    Respectfully submitted,
                                    BLANK ROME LLP
                                    Attorneys for Plaintiff

                                  By _____
                                  Jeremy J.O. Harwood (JH 9012)
                                  405 Lexington Avenue
                                  New York, NY 10174
                                  Tel.: (212) 885-5000

## VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

*Jeremy Harwood*
Jeremy J.O. Harwood

Sworn to before me this
14th day of April, 2008

*Karl V. Reda*
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires NOV 30, 2009

900200.00001/6630656v.1                5

BLANK ROME LLP
Attorneys for Plaintiff
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASIAN FRIENDSHIP SHIPPING LTD., <br><br> Plaintiff, <br><br> v. <br><br> KOREA LINE CORPORATION, <br><br> Defendant. | 08 Civ. <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

JEREMY J.O. HARWOOD, being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant ASIAN FRIENDSHIP SHIPPING LTD., as Owner of the M/V ASIAN FRIENDSHIP, a company organized and existing under the laws of The Marshall

Islands, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

    2.    The defendant is not incorporated or registered to do business in this State.

    3.    Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, Transportation Tickler (2008 edition), telephone assistance in New York City, and the internet Yellow Pages.

    4.    In our search, we did not find any listing or reference to defendant in this district or state.

    5.    In the circumstances, I believe the defendants cannot be "found" within this district.

    6.    I attach as Exhibit 1 hereto a copy of the final hire statement or invoice dated March 27, 2007.

                                                      Jeremy J.O. Harwood

Sworn to before me this
14th day of April, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires NOV. 30, 2009

# EXHIBIT 1

**Asian Friendship Shipping Ltd.**                                                                                 Invoice

Trust Company Complex
Ajeltake Road, Ajeltake Island
Majuro, Marshall Islands
C/O A Shipmanagement Corporation
24 Kanari Str. 6th Floor, 10674 Athens Greece
Tel.: 30 210 7257085, Fax: +30 210 7257098

Date: 27/03/2007
final hire Invoice

Bill to: KOREA LINE CORPORATION

RE M/V ASIA FRIENDSHIP C/P DD 10/11/2006

Vessel was delivered dlosp Xingang on the 23/11/2006 at 1642 hrs/lt or 08.42 hrs/gmt
Vessel was delivered to Charterer KORE LINE CORP., with foll bunker quantities rob: FO/503.317mt, DO/78.62mt.
Vessel was re-delivered dlosp Longkou on the 26/03/2008 at 1154 hrs/lt or 03.54 hrs/gmt
Vessel was re-delivered fm Charterer KORE LINE CORP., with foll bunker quantities rob: FO/425.39, DO/68.20mt.

| | DEBIT | CREDIT |
|---|---|---|
| 488d 19hrs 12min from 23/11/2006 08.42 - 03.54 26/03/2008 | | |
| (00d 12hrs 36min) from 26/11/2006 01.00 - 13.36 26/11/2006 (o/hire Yosu) | | |
| (01d 11hrs 10min) from 27/11/2006 17.00 - 04.10 29/11/2006 (o/hire Busan) | | |
| (09d 15hrs 20min) from 29/11/2006 18.40 - 10.00 09/12/2006 (o/hire Busan) | | |
| (24d 02hrs 42min) from 08/04/2007 13.54 - 16.36 02/05/2007 (o/hire due to dd) | | |
| (00d 19hrs 36min) from 01/06/2007 19.00 - 14.36 02/06/2007 (o/hire at Singapore) | | |
| (02d 17hrs 51min) as per ows message dd 19/02 | | |
| (00d 09hrs 20min) from 05/03/2008 04.30 - 13.50 05/03/2008 (o/hire due to m/e breakdown) | | |
| 448d 07hrs 37min at usd 20.750 p/day | | $9,302,585.24 |
| 23d 09hrs 54 min from 02/03/2008 18.00 - 03.54 26/03 2008 at usd 47.000 p/day (ows damages due to ship late redelivery) | | $1,100,387.50 |
| 150d 00hrs 00min at usd 23.000 p/day (ows damages due to falling market) | | $3,450,000.00 |
| c/v/e for 448.31 days at usd 1.250/30 days | | $18,679.58 |
| **Bunkers on delivery** | | |
| FO: 503.317 MT x usd 290,00 pmt | | 145,961.93 |
| DO: 78.620 MT x usd 540,00 pmt | | 42,454.80 |
| ILOHC | | 5,000.00 |
| Intermidiate holds cleaning 9voy x 4500 per/voy | | 40,500.00 |
| **Bunkers short on RE-delivery** | | |
| FO: 77.927 MT x 580 usd pmt | | 45,197.66 |
| DO: 10.42 MT x 1010 usd pmt | | 10,524.20 |
| Barging fee usd 5 pmt + usd 9 pmt. Min 100 tns per grade | | 1,400.00 |
| Commission 2.50% add comm. | (232,564.63) | |
| Commission 1.25% INTERLINK, SEOUL | (116,282.31) | |
| **Bunkers consumption durin o/hire Yosu** | | |
| FO: 04.23 MT x usd 290,00 pmt | (1,226.70) | |
| DO: 01.98 MT x usd 540,00 pmt | (1,069.20) | |
| **Bunkers consumption durin o/hire Busan** | | |
| DO: 29.40 MT x usd 540,00 pmt | (15,876.00) | |
| **Bunkers consumption durin o/hire due to dd** | | |
| FO: 03.85 MT x usd 290,00 pmt | (1,116.50) | |
| DO: 24.80 MT x usd 540,00 pmt | (13,392.00) | |
| **Bunkers consumption durin o/hire Singapore** | | |
| DO: 3.093 MT x usd 540,00 pmt | (1,670.22) | |
| **Bunkers consumption durin additional o/hire** | | |
| DO: 2,74 days 3 MT x usd 540,00 pmt | (4,438.80) | |
| **Bunkers consumption durin m/e stopadge** | | |
| DO: 1.1 MT x usd 540,00 pmt | (594.00) | |
| 1st Intermidiate holds cleaning paid directly to Master at Tampa | (4,500.00) | |
| **Bunkers on RE-delivery** | | |
| FO: 425.39 MT x usd 290,00 pmt | (123,363.10) | |
| DO: 68.20 MT x usd 540,00 pmt | (36,828.00) | |
| Owners expenses at Yosu | (3,293.49) | |
| Owners expenses at Busan | (2,401.93) | |
| Shore grabs hire at GOA Sept 2007 | (22,089.44) | |
| Charterers remitance dd 28/11/2006 | (788,822.98) | |
| Charterers remitance dd 22/12/2006 | ($342,565.33) | |
| Charterers remitance dd 19/01/2007 | ($600,216.77) | |
| Charterers remitance dd 20/02/2007 | ($600,386.75) | |
| Charterers remitance dd 20/03/2007 | ($600,136.66) | |
| Charterers remitance dd 20/04/2007 | ($600,386.75) | |
| Charterers remitance dd 21/05/2007 | ($104,549.03) | |
| Charterers remitance dd 20/06/2007 | ($600,386.75) | |
| Charterers remitance dd 20/07/2007 | ($600,386.75) | |
| Charterers remitance dd 20/08/2007 | ($591,372.64) | |
| Charterers remitance dd 19/09/2007 | ($600,382.75) | |
| Charterers remitance dd 19/10/2007 | ($600,406.25) | |
| Charterers remitance dd 16/11/2007 | ($609,386.75) | |
| Charterers remitance dd 16/12/2007 | ($600,406.25) | |
| Charterers remitance dd 17/01/2007 | ($337,111.71) | |
| Charterers remitance dd 21/01/2007 | ($267,794.54) | |
| Charterers remitance dd 20/02/2007 | ($220,966.81) | |
| | ($9,246,371.79) | $14,162,690.91 |
| Total Due | | $4,916,319.12 |
| Due date | 12/3/2008 | |

Please arrange remittance to:

Bremer Landesbank Kreditanstalt Oldenburg
-Girozentrale-
SWIFT: BRLA DE 22
Bank code: 29050000

USD correspondence with JP Morgan Chase Bank
SWIFT: CHAS US 33
Account no. 001 1 303666

Beneficiary: Global Financial Services Corporation
USD account no. 1418417000
IBAN DE04290500001418417000